UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-60002-CIV-SMITH

MELVIN E. HERNANDEZ TINIGUAR,

    Petitioner,

v.

GARRETT J. RIPA, *et al.*,

    Respondents.

_____/

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court upon the Petition for Writ of Habeas [DE 1]. Upon consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, the Court finds that Petitioner is being unlawfully detained due to his improper classification as "an alien who is an applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2)(A). The Court finds that Petitioner's proper classification is a detainee pursuant to 8 U.S.C. § 1226(a). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (noting that "Defendants' recent reliance on § 1225(b)(2)(A) to detain noncitizens discovered within the United States upends decades of practice. Before July 8, 2025, DHS's long-standing interpretation had been that § 1226(a) applied to those who have crossed the border between ports of entry and are shortly thereafter apprehended." (internal marks omitted; citation omitted)). Mandatory detention of all persons illegally in the United States only became official DHS policy when Acting Director of ICE Todd M. Lyons issued an internal memorandum on July 8, 2025, explaining that the agency "revisited its legal position" on the applicability of §§ 1225(b) and 1226(a). *Castañon-Nava*, 161 F4th at 1062 n.13 (citation omitted); *see also Gonzalez v. Sec'y, Dep't of Homeland Sec.*, No. 2:25-CV-1047-KCD-DNF, 2025 WL 3677101, at *1 (M.D. Fla. 2025) (finding that federal regulations

provide that aliens detained within the United States who have been here for years before their detention are entitled under § 1226(a) to receive a bond hearing at the outset of their detention). Accordingly, it is,

**ORDERED** that the Petition for Writ of Habeas Corpus [DE 1] is **GRANTED:**

1. Within 10 days of the date of this Order, Respondents shall provide Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a).

2. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

3. Respondents shall, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

4. All pending motions are **DENIED as moot.**

5. This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 10th day of February, 2026.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE